IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENE SALVADOR CORADO PASCACIO,

        Petitioner,

    v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:23-cv-00861-AN

OPINION AND ORDER

Rene Salvador Corado Pascacio
12268-509
FCI-Sheridan
P.O. Box 5000
Sheridan, Oregon 97378

        Petitioner, *Pro Se*

Natalie K. Wight
United States Attorney
Sean E. Martin, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

NELSON, District Judge.

Petitioner, an Adult in Custody at FCI-Sheridan, brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the execution of his federal criminal sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is currently serving a 46-month sentence within the Bureau of Prisons ("BOP") for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. He claims that the BOP has not properly calculated the time credits he has accrued under the First Step Act ("FSA"), and asks the Court to order Respondent to correct the FSA time credit sheet governing his time in custody and restore at least 140 days of earned time credit.

On August 1, 2023, Respondent timely filed his Response and concedes that Petitioner exhausted his administrative remedies prior to filing this case, but asserts that the Petition for Writ of Habeas Corpus fails on the merits. Although Petitioner's supporting memorandum was due on October 2, 2023, he has not filed such a brief or otherwise communicated with the Court since filing his Petition.

## DISCUSSION

The FSA, which Congress enacted on December 21, 2018, incentivizes federal prisoners to complete evidence-based recidivism reduction programs in exchange for awards, including earned time credits prisoners can utilize to accelerate their release from prison. As part of that process, the FSA required the BOP to create an assessment system that evaluates the risk and needs of each federal prisoner, determines the recidivism risk for each prisoner, and classifies each prisoner as minimum, low, medium, or high risk of recidivism. 18 U.S.C. §§ 3631, 3632(a).

This resulted in the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") system. A prisoner's PATTERN score will impact the number of earned time credits he can accrue, with a maximum accrual rate of 15 days per month. A prisoner does not become eligible to accrue 15 days of time credits per month until the BOP finds him to present a low risk of recidivism during two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

In this case, Petitioner asserts that the BOP has erred in calculating his sentence in two ways. First, he claims that his time credit sheet erroneously shows that he has 222 "disallowed days" for which he is not permitted to receive credit. Second, he claims that the BOP is allowing him to accrue only 10 days of earned time credit per month when his PATTERN score requires the BOP to award him 15 days of earned time credit every month. The Court takes these arguments in turn.

It appears Petitioner is correct that the BOP erroneously determined him to have 222 "disallowed days." Respondent does not explicitly concede the error, but states that the program the BOP used to maintain that data needed to be "modified" and, "[t]o the extent Petitioner's disallowed days were miscalculated in the past, BOP has accurately calculated the number of disallowed days and that is properly reflected in Petitioner's most recent FSA Time Credit Assessment as 42 days." Declaration of Benjamin Brieschke (#6), ¶ 6. Petitioner, who has not availed himself of his opportunity to respond to this argument, has not carried his burden of proof to establish that the corrected 42-day figure is incorrect.

With respect to Petitioner's claim pertaining to his "time factor," he alleges that he was entitled to accrue 15 days of earned time credits per month following his second assessment (or "team meeting") where he was designated as having a low risk of recidivism. He states that he

3 - OPINION AND ORDER

has two assessments finding him to be low risk, but maintains that he "remains at a Time Factor of 10." Petition (#1), p. 8.

The BOP conducted Petitioner's risk and needs assessment evaluations on November 12, 2021, May 11, 2022, and November 7, 2022 and determined at all of them that he presented a medium risk of reoffending. Brieschke Declaration, ¶¶ 7, 10; Exhibit B, p. 2. As a result, he was accruing 10 days of earned time credits per month during this period of his incarceration. It was not until February 5, 2023 that the BOP first found him to present a low recidivism risk. *Id,* Exhibit B, p. 2. At the next team meeting held May 6, 2023, the BOP once again designated him low risk. *Id.* Because this constituted Petitioner's second consecutive needs assessment where the BOP designated him as low risk, he began to accrue 15 days of earned time credits beginning May 6, 2023. *Id* at ¶¶ 7-10. Thus, contrary to the representation in the Petition, Petitioner was not accruing only 10 days of earned time credits per month at the time he filed this case.

In the documents appended to the Petition for Writ of Habeas Corpus, Petitioner asserts that he should have been classified with a time factor of 15 days from July 20, 2022 forward. Petition (#1), pp. 13, 14, 16. However, this contention rests upon the false assumption that his Initial Needs Assessment meeting on July 20, 2022 was a qualifying meeting for purposes of the recidivism determination. *Id* at ¶ 7. Even if this were not the case, Petitioner has not addressed how this would have constituted his second consecutive low-risk assessment when he was categorized as a medium risk prisoner at the May 11, 2022 risk and needs assessment. Indeed, it was not until May 6, 2023 that the BOP found him to present a low risk of recidivism for the second consecutive time. *Id.* Accordingly, the BOP has properly calculated Petitioner's sentence, and he is not entitled to habeas corpus relief.

4 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

11/2/2023
_____
DATE

_____
Adrienne Nelson
United States District Judge